IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____

**JEANNETTE GARCIA AND JORGE GARCIA,**

      Plaintiffs,

vs.

**AMERICAN SECURITY INSURANCE COMPANY,**

      Defendant.

_____/

(Formerly Miami-Dade County Circuit Court Case No. 2021-008794-CA-01)

**DEFENDANT AMERICAN SECURITY INSURANCE COMPANY'S
<u>NOTICE OF REMOVAL</u>**

Defendant American Security Insurance Company ("American Security"), through its undersigned attorneys, and pursuant to 28 U.S.C. §§ 1446 and 1332, hereby files this Notice of Removal and thereby removes to the United States District Court an action which is pending in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida. The facts and legal authority supporting this Notice of Removal are as follows:

      **A.**      **BACKGROUND & CONDITIONS OF REMOVAL**

      1.      On April 13, 2021, Jeannette Garcia and Jorge Garcia ("Plaintiffs") filed this civil action against American Security in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. Plaintiffs have asserted a cause of action against American Security for, among other things, alleged breach of contract. Plaintiffs effectuate service of process on American Security on May 7, 2021.

      2.      Plaintiffs made no pre-suit demand to American Security prior to filing this lawsuit. Neither the Complaint, nor the Amended Complaint identified the amount Plaintiffs

were seeking in damages. On September 15, 2021, in response to discovery, Plaintiffs alleged and disclosed for the first time that they are seeking $147,310.60 in damages based upon a damage estimate prepared by their public adjuster (the "PA Estimate"). A true and correct copy of the PA Estimate is attached hereto as **Exhibit E**. In addition, Plaintiffs are also seeking an undisclosed amount for attorneys' fees. *See Morrison v. Allstate Indemnity Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000) (potential attorneys' fees under Fla. Stat. § 627.428 to be considered in determining amount in controversy). The jurisdictional amount in controversy of $75,000 is met.

3. Accordingly, as September 15, 2021 was the first date Plaintiffs disclosed or alleged that the damages sought in this case exceeded the monetary threshold of this Court to establish diversity jurisdiction under 28 U.S.C. § 1332, removal of this case is timely.

4. Plaintiffs allege that they are residents of the State of Florida and that they own the property located 14671 W. Palomino Drive, Southwest Ranches, Florida 33330 (the "Property"), which is the subject matter of this lawsuit. *See* Compl. ¶ 3. Public Records obtained from the Miami-Dade County Property Appraiser's Website reflects that Plaintiffs have owned the Property since at least 2006. Plaintiffs have also claimed the Property as their homestead and they are, therefore, citizens of the State of Florida for diversity jurisdiction purposes. *See* printout from Miami-Dade County Property Appraiser Website attached as **Exhibit A.**

5. American Security is a Delaware corporation with its principal place of business located at 260 Interstate North Cir., SE, Atlanta, Georgia, 30339. *See* printout from Florida Department of State, Division of Corporations' website, a true and correct copy of which is attached hereto as **Exhibit B**; *see also Licari v. American Sec. Ins. Co.*, Case No. 8:12–cv–2853–T–33EAJ, 2013 WL 268688 (M.D. Fla. Jan. 24, 2013) (finding American Security's principal place of business as Georgia).

6. Venue is proper in the United States District Court for the Southern District of Florida because the case is being removed from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

7. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of American Security's rights to assert any defenses or affirmative claims, including a counterclaim.

8. This Notice of Removal is being timely served and filed within the time allotted under 28 U.S.C. § 1446(b).

9. This action is not a non-removable action as described under 28 U.S.C. § 1445.

10. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process and pleadings served as of this date, including the Complaint, is attached hereto as **Composite Exhibit C.**

11. In accordance with 28 U.S.C. § 1446(d), contemporaneously with the filing of this Notice of Removal, American Security have served Plaintiffs with a copy of this Notice of Removal and have filed a Notice of Filing of Notice of Removal with the Clerk of the Court for Miami-Dade County, Florida. A copy of the Notice of Filing Notice of Removal (without attachments) is attached hereto as **Exhibit D.**

### C.    LEGAL STANDARD

12. Pursuant to 28 U.S.C. § 1332, the district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—

> (1) citizens of different States;
>
> (2) citizens of a State and citizens or subjects of a foreign state;
>
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

(4) a foreign state, defined in section 1603 (a) of this title, as Plaintiffs and citizens of a State or of different States.

13. Where the amount of a claim is "indeterminate from the complaint, or otherwise, the defendant may not be charged with the running time for removal." *Pease*, 6 F. Supp. 2d. at 1358 (quoting *Basso v. United Wisconsin Life Ins. Co.*, No. 97-573, 1997 WL 401584 at *1 (S.D. Fla. Apr. 27, 1997)); *cf. Lasarso v. Best Buy Stores, L.P.*, No. 8:08-cv-1420-T-30TGW, 2008 WL 3254210, *1-2 (M.D. Fla. Aug. 7, 2008) (Moody, J.) (even where defendant stated it suspected the amount in controversy was in excess of $75,000, court found removal was timely when filed within (30) thirty days based on discovery responses qualifying as "other paper" under § 1446(b)).

14. 28 U.S.C. § 1446(b)(3) provides:

> Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3). However, "an action that is not removable based upon the initial pleadings may become removable on the basis of a copy of an amended pleading, motion, order or other paper." *Lowery v. Ala. Power Co.*, 483 F. 23d 1184, 1212 (11th Cir. 2007). Thus, a defendant's failure to remove within thirty (30) days of receipt of the initial complaint does not prohibit it from removing the case if defendant later establishes that the requirements can be met to satisfy diversity jurisdiction. *See, e.g., Essenson v. Coale*, 848 F. Supp. 987, 989 (M.D. Fla. 1994), *citing* 28 U.S.C. § 1446(b) (removal was timely where initial complaint alleged damages in excess of $15,000 without a specific amount, and defendant removed months later after receipt of an offer of judgment for an amount in excess of the amount for diversity jurisdiction).

15. It is well-settled that plaintiffs' discovery responses or damage estimate produced during discovery can be used as an "other paper" supporting removal under 28 U.S.C. § 1446(b)(3). *See Wilson v. Gen. Motors Corp.*, 888 F.2d 779, 780 (11th Cir. 1989); *Sibilia v. Makita Corp.*, 782 F. Supp. 2d 1329, 1330-31 (M.D. Fla. 2010); *Bechtelheimer v. Continental Airlines, Inc.*, 755 F. Supp. 2d 1211, 1214 (M.D. Fla. 2010) (notice of removal was timely where filed within 30 days of discovery responses providing basis for removal where the complaint showed no indication that the amount in controversy exceeded the jurisdictional threshold of $75,000).

16. Plaintiffs sued American Security alleging breach of an insurance policy and damages in an undisclosed amount that "exceeded" thirty thousand dollars and 00/100 Dollars." Compl. ¶ 1. Plaintiffs included no further discussion on the amount of damages sought in the lawsuit and, therefore, American Security was unable to determine whether the minimum amount in controversy for diversity jurisdiction had been met and, the time for removal had not begun to run. *See Pease,* 6 F. Supp. 2d. at 1358. By producing a new and previously undisclosed damages estimate (the PA Estimate, which is attached as **Exhibit E**), Plaintiffs have now provided an "other paper" that is sufficient to establish the amount in controversy for diversity jurisdiction. *Cf. Baltazar*, 2011 WL 2020218 at *2 (amount in controversy met where Plaintiffs' expert estimated costs to repair the property in excess of $75,000).

17. Accordingly, American Security has timely removed this action within thirty (30) days of its receipt of such papers demonstrating that there was diversity between the parties and the jurisdictional amount in controversy threshold was met, making this case removable. *See Bechtelheimer,* 755 F. Supp. 2d at 1214; *see also Essenson*, *supra.*

18. This Court has original jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiffs (who are citizens of Florida) and Defendant

(American Security is a citizen of both Georgia and Delaware), and the amount in controversy is in excess of $75,000.

19. As complete diversity and the jurisdictional amount have been met, this action is removable pursuant to 28 U.S.C. § 1332.

**WHEREFORE**, Defendant, American Security Insurance Company, respectfully requests that the aforesaid action now pending in the Circuit Court of the Eleventh Judicial Circuit be removed to this Honorable Court.

Respectfully Submitted,

*/s/ Alaine S. Greenberg*
**HOLLAND & KNIGHT LLP**
**Alaine S. Greenberg, Esq.** (Fla. Bar No. 699349)
alaine.greenberg@hklaw.com
701 Brickell Avenue, Suite 3300
Miami, FL 33131
Telephone: 305.374.8500
Facsimile: 305.789.7799

**HOLLAND & KNIGHT LLP**
**Andrea M. Ramos** (Fla. Bar No. 118866)
andrea.ramos@hklaw.com
515 East Las Olas Boulevard, Suite 1200
Fort Lauderdale, Florida 33301
Tel: 954.525.1000
Fax: 954.463.2030

*Counsel for American Security Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was emailed on October 15, 2021 to David A. Neblett, Esq. and James M. Mahaffey III, Esq.

*s/ Alaine S. Greenberg*
ALAINE S. GREENBERG