UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-23640-BLOOM/Otazo-Reyes

JEANNETTE GARCIA, *et al.*,

    Plaintiff,

v.

AMERICAN SECURITY INSURANCE
COMPANY,

    Defendant.
_____/

## **OMNIBUS ORDER ON MOTION TO REMAND AND MOTION TO DISMISS**

**THIS CAUSE** is before the Court upon Defendant American Security Insurance Company's ("Defendant") Motion to Dismiss Plaintiffs' Second Amended Complaint, ECF No. [11] ("Motion to Dismiss"), filed on October 26, 2021. Also before the Court is Plaintiffs Jeannette Garcia's and Jorge Garcia's ("Plaintiffs") Motion to Remand to State Court, ECF No. [19] ("Motion to Remand"), filed on November 15, 2021. The Court has carefully reviewed the Motions, all opposing and supporting submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion to Dismiss is granted in part, and the Motion to Remand is denied.

    **I.**    **BACKGROUND**

On April 13, 2021, Plaintiffs initiated this action against Defendant in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County. *See Garcia et al., v. American Security Insurance Company*, Case No. 21-008794-CA-01 ("Circuit Court Action"). On October 15, 2021, Defendant removed this action to federal court on the basis of diversity jurisdiction. ECF No. [1] ("Notice"). Defendant then filed its Motion to Dismiss, seeking dismissal of the Second Amended Complaint, ECF No. [1-4] at 179-90, which asserts three claims for relief arising from

Defendant's alleged failure to pay an insurance claim for damage sustained to Plaintiffs' property on or about November 9, 2020. *See generally* ECF No. [11]. The claims asserted in the Second Amended Complaint are as follows: breach of contract (Count I); breach of Fla. Stat. § 624.155 (Count II); and declaratory relief (Count III). *See generally* ECF No. [1-4] at 179-90. Thereafter, Plaintiffs filed their Motion to Remand, seeking to remand the proceedings back to state court to lack of subject matter jurisdiction. *See generally* ECF No. [19].

## II. LEGAL STANDARD

### A. Standard on Removal Based on Diversity Jurisdiction

Title 28 U.S.C. § 1332(a) vests a district court with subject matter jurisdiction when the parties are diverse and the amount in controversy exceeds $75,000.00. *Id.* A party may remove the action from state court to federal court if the action is within the federal court's subject matter jurisdiction. 28 U.S.C. § 1441(a). The procedure for removal is governed by 28 U.S.C. § 1446. Generally, a notice of removal "shall be filed within 30 days after the receipt by the defendant . . . of a copy of the initial pleading[.]" 28 U.S.C. § 1446(b)(1). However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

"A removing defendant bears the burden of proving proper federal jurisdiction." *Coffey v. Nationstar Mortg., LLC*, 994 F. Supp. 2d 1281, 1283 (S.D. Fla. 2014). "Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdiction requirement." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010); *see also* 28 U.S.C. § 1332(a). Further, in determining whether subject matter jurisdiction exists, the Court

must focus on the amount in controversy at the time of removal, not at any later point. *Pretka*, 608 F.3d at 751 (citations omitted); *E.S.Y., Inc. v. Scottsdale Ins. Co.*, 217 F. Supp. 3d 1356, 1360 (S.D. Fla. 2015). "To determine whether this standard is met, a court first examines whether 'it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement.'" *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1330 (11th Cir. 2006) (quoting *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001)), *abrogated on other grounds by Dudley v. Eli Lilly & Co.*, 778 F.3d 909 (11th Cir. 2014). "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Id.* (quoting *Williams*, 269 F.3d at 1319).

"[A] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka*, 608 F.3d at 754 (citations omitted). "Where, as in this case, the complaint alleges an unspecified amount of damages, 'the district court is not bound by the plaintiff's representations regarding its claim,' and may review the record for evidence relevant to the amount in controversy." *DO Rests., Inc. v. Aspen Specialty Ins. Co.*, 984 F. Supp. 2d 1342, 1344 (S.D. Fla. 2013) (citing *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010)). Moreover, "defendants may submit a wide range of evidence in order to satisfy the jurisdictional requirements of removal," including "affidavits, declarations, or other documentation." *Pretka*, 608 F.3d at 755. The Court may also use its judicial experience and make reasonable inferences and deductions to determine the amount in controversy. *See Roe*, 613 F.3d at 1061-62; *Pretka*, 608 F.3d at 754 (discussing the difference between reasonable deductions and inferences with "conjecture, speculation, or star gazing"); *E.S.Y., Inc.*, 217 F. Supp. 3d at 1360.

**B. Standard on Motion to Dismiss**

A pleading in a civil action must contain "a short and plain statement of the claim showing

that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cnty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). Moreover, "courts may infer from the factual allegations in the complaint 'obvious alternative explanations,' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 682).

A court, in considering a Rule 12(b)(6) motion, "may consider only the complaint itself and any documents referred to in the complaint which are central to the claims." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) (citing *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997)); *see also Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 n.3 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of

authenticity." (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002))).

## III. DISCUSSION

### A. Motion to Remand

The Court must first consider Plaintiffs' Motion to Remand because it impacts the Court's jurisdiction over this matter. Plaintiffs argue that this case should be remanded because Defendant cannot show that the amount in controversy exceeds $75,000.00, and therefore has failed to meet the jurisdictional threshold necessary to invoke the Court's jurisdiction. *See generally* ECF No. [19]; *see also* 28 U.S.C. § 1332(a) (vesting a district court with subject matter jurisdiction when the parties are diverse and the amount in controversy "exceeds the sum or value of $75,000.00, exclusive of interest and costs.").

Specifically, Plaintiffs maintain that "the sole figure relied upon by Defendant is the public adjuster estimate drafted pre-suit, relative to the subject claim" and "contest that Defendant may rely solely upon the aforementioned to satisfy the strict requirements incumbent with diversity jurisdiction." ECF No. [19] at 2. Plaintiffs further aver that remand "will serve to conserve the limited resources of the Federal Bench"—particularly the "Southern District of Florida" which "has one of the busiest dockets in the country"—and will promote the State of Florida's "interest in policing insurers to comply with practices procedures and Florida Statutes[.]" *Id.* at 7.

In its Response, Defendant explains that "removal is not just predicated on the Public Adjuster's line itemized estimate for $147,000.00" but also "predicated upon Plaintiffs' responses to Defendant's Request for Production in which Plaintiffs explicitly reference and rely upon the Public Adjuster's Estimate as the basis for its damage claim." ECF No. [23] at 7. Moreover, Defendant highlights that Plaintiffs are "well aware that the argument set forth in this case is frivolous and has no basis in law, especially since this Court has repeatedly found, '[d]etailed public adjuster estimates that delineate corroborating evidence of the damages can provide a firm

5

basis for removal.'" *Id.* (citing *Stern v. First Liberty Ins. Corp.*, 424 F. Supp. 3d 1264, 1272 (S.D. Fla. 2020)).

Upon review of the Notice and consideration of the parties' briefings, the Court agrees that Defendant met its burden of demonstrating that the amount in controversy exceeds $75,000.00. Indeed, contrary to Plaintiffs' representation, Defendant's Notice of Removal is not based solely on a pre-suit demand, but rather upon Plaintiffs' Response to Defendant's Request for Production and First Set of Interrogatories, which incorporates the Public Adjuster's Estimate for $147,000.00 as the basis for their damage claim. ECF No. [1-4] at 59-70, 291-300; *id.* at 229, ¶ 33. Answers to discovery requests—including responses to requests for admission and interrogatories—constitute "other paper" pursuant to 28 U.S.C. § 1446(b). *See Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1212, n.62 (11th Cir. 2007); *Punales v. Hartford Ins. Co. of Midwest*, No. 1:18-CV-25445-DPG, 2019 WL 3369104, at *3 (S.D. Fla. July 26, 2019); *Flores v. Se. Mech. Contractors, LLC*, No. 10-61391-CIV, 2010 WL 11597926, at *3 (S.D. Fla. Sept. 30, 2010); *Wilburn v. Geovera Specialty Ins. Co.*, No. 18-61740-CIV, 2018 WL 5098969, at *3 (S.D. Fla. Aug. 29, 2018), *report and recommendation adopted*, No. 18-61740-CIV, 2018 WL 5098840 (S.D. Fla. Oct. 9, 2018).

Moreover, even is remand was predicated solely on the Public Adjuster's Estimate, ECF No. [1-6], that also constitutes sufficient evidence to establish the amount in controversy. Indeed, it is well-settled that detailed public adjuster estimates, such as here, that delineate corroborating evidence of the damages can provide a firm basis for removal. *See, e.g.*, *Punales*, 2019 WL 3369104, at *2-3 (removal clock was triggered by 28 page estimate containing "specific and detailed information about damages to the residence in line-item form"); *ABC Univ. Shops, LLC v. Scottsdale Ins. Co.*, No. 18-60562-CIV, 2018 WL 3672265, at *5-6 (S.D. Fla. July 24, 2018), *report and recommendation adopted*, No. 18-CV-60562, 2018 WL 4409851 (S.D. Fla. Aug. 16, 2018) (public adjuster's estimate "delineat[ing] in line-item form the various losses and damages

sustained by Plaintiff" in the amount of $816,318 "firmly establishe[d]" the court's jurisdiction); *Perez-Malo v. First Liberty Ins. Corp.*, No. 1:17-CV-21180-KMM, 2017 WL 7731958, at *3 (S.D. Fla. June 8, 2017) (removal was supported by public adjuster repair estimate that was an "honest assessment of damages" and reflected "specific information to support [p]laintiff's claim for damages" through "itemized" and "highly detailed repair costs"); *Soares v. Scottsdale Ins. Co.*, No. 19-CV-22421, 2019 WL 3773649, at *3 (S.D. Fla. Aug. 12, 2019) (public adjuster's estimate report supported removal).

Accordingly, for the reasons set forth herein, Plaintiffs' Motion for Remand is denied.[1]

### B. Motion to Dismiss

In the Motion to Dismiss, Defendant seeks to dismiss Counts I-III for failure to state a claim. *See generally* ECF No. [11]. The Court addresses each count in turn.

#### 1. Count I – Breach of Contract

Defendant first argues that dismissal of Plaintiffs' breach of contract claim is warranted because it "improperly alleges . . . purported breaches related to or arising from an alleged duty to properly and timely adjust, identify and inspect the loss." ECF No. [11] at 5. According to Defendant "[c]ourts have routinely held that such alleged breached for failure to properly adjust a claim fail to state a cause of action upon with relief can be granted in a first-party breach of contract case because such alleged breached can only serve as the basis of a bad faith claim." *Id.*

---

[1] The Court highlights that Plaintiffs' remaining arguments in favor of remand—namely, consideration of the Court's resources and Florida's interest in adjudicating insurance matters—are without merit. *See Verneus v. AXIS Surplus Ins. Co.*, No. 16-21863-CIV, 2016 WL 8813984, at *3 (S.D. Fla. Nov. 8, 2016), *report and recommendation adopted*, No. 16-21863-CIV, 2017 WL 1536053 (S.D. Fla. Feb. 22, 2017) ("[W]hile Florida has an interest in adjudicating insurance matters, the extent of a state's interest in adjudicating a given matter has no bearing on whether the Court is vested with jurisdiction or whether removal is proper." (citations omitted)); *see also Stern v. First Liberty Ins. Corp.*, 424 F. Supp. 3d 1264, 1275 (S.D. Fla. 2020) ("A state court action that invokes federal court jurisdiction and which is properly removed to federal court cannot be remanded because the case may become a financial burden on the court." (citation omitted)). Interestingly, Plaintiffs' counsel filed a motion to remand asserting near-identical arguments in *Stern*, which this Court rejected.

Under Florida law, an "adequately pled breach of contract action requires three elements: (1) a valid contract; (2) a material breach; and (3) damages." *Friedman v. New York Life Ins. Co.*, 985 So. 2d 56, 58 (Fla. 4th DCA 2008); *Grove Isle Ass'n, Inc. v. Grove Isle Assocs., LLLP*, 137 So. 3d 1081, 1094-95 (Fla. 3d DCA 2014). Each of these elements are reflected in the Second Amended Complaint: (1) Plaintiffs and Defendant entered into a contract for insurance, ECF No. [1-4] at 184, ¶ 42; (2) Defendant materially breached the contract by, *inter alia*, failing to fully cover and pay for the damage and/or loss to Plaintiffs' property, *id.* at 184, ¶ 43; and (3) as a result of Plaintiffs' breach of the contract, Plaintiffs have suffered damages, *id.* at 185, ¶ 48.

Notably, even if the Second Amended Complaint arguably sets forth allegations of bad faith, it is apparent that Count I seeks to hold Defendant accountable for its purported breach of the policy and the Court will permit Plaintiffs' claim to proceed as drafted. *See Wilshire Condo. Ass'n, Inc. v. QBE Ins. Corp.*, No. 10-23806-CIV, 2013 WL 12092532, at *7 (S.D. Fla. Apr. 10, 2013) ("The references to 'bad-faith,' if raised at trial, may be objectionable for relevance. However, at this point, the Court can overlook any bad faith allegations."); *Se. Distributors, Inc. v. United Specialty Ins. Co.*, No. 16-24549-CIV, 2017 WL 960300, at *7 (S.D. Fla. Mar. 13, 2017). Based on the foregoing and viewing the factual allegations in the light most favorable to Plaintiffs, the Second Amended Complaint sufficiently alleges a breach of contract claim against Defendant.[2]

### 2. Count II – Breach of Fla. Stat. § 624.155

Defendant next argues that Plaintiffs' claim for bad faith pursuant to Fla. Stat. § 624.155 is premature because the underlying contract claim, which is the subject of this litigation, has yet to be resolved. ECF No. [11] at 10-11. In *Blanchard v. State Farm*, the Supreme Court of Florida

---

[2] Alternatively, Defendant requests that the Court strike Plaintiffs' bad faith allegations. For the reasons stated herein, the Court is not persuaded that the drastic remedy of striking those allegations is warranted.

noted that in order to maintain an action for bad faith, the underlying action for benefits must first be resolved:

> If an uninsured motorist is not liable to the insured for damages arising from an accident, then the insurer has not acted in bad faith in refusing to settle the claim. *Thus, an insured's underlying first-party action for insurance benefits against the insurer necessarily must be resolved favorably to the insured before the cause of action for bad faith in settlement negotiations can accrue.* It follows that an insured's claim against an uninsured motorist carrier for failing to settle the claim in good faith does not accrue before the conclusion of the underlying litigation for the contractual uninsured motorist insurance benefits. Absent a determination of the existence of liability on the part of the uninsured tortfeasor and the extent of the plaintiff's damages, a cause of action cannot exist for a bad faith failure to settle.

*Blanchard v. State Farm Mut. Auto. Ins. Co.*, 575 So. 2d 1289, 1291 (Fla. 1991) (emphasis added); *see also Tropical Paradise Resorts, LLC v. Clarendon Am. Ins. Co.*, No. 08-60254-CIV, 2008 WL 3889577, at *2 (S.D. Fla. Aug.20, 2008) (stating that "[i]n order for a claim for bad faith under Fla. Stat. § 624.155 to accrue, a plaintiff must allege that a determination of the defendant's liability has been made").

The parties do not appear to dispute the fact that this claim is premature, but rather disagree over the appropriate relief. Defendant asserts that dismissal without prejudice is the proper resolution, while Plaintiffs maintain that the Court should abate the claim rather than dismiss it. Courts are divided when confronted with this scenario. *Compare Certain Interested Underwriters at Lloyd's, London v. AXA Equitable Life Ins. Co.,* No. 10–62061–CV, 2013 WL 3892956, at *3 (S.D.Fla. July 26, 2013) (finding abatement to be the "more efficient alternative"), *with Granat v. Axa Equitable Life Ins. Co.*, No. 06-021197-CIV, 2006 WL 3826785, at *6 (S.D. Fla. Dec.27, 2006) (dismissing bad faith claim without prejudice).

Ultimately, the decision of whether to abate or dismiss without prejudice rests in the sound discretion of the trial court. *See Vanguard Fire & Cas. Co. v. Golmon,* 955 So. 2d 591, 595 (Fla. 1st DCA 2006) (noting that "the trial court has authority to abate the statutory claims, rather than

9

to dismiss them, if it appears to the court that abatement would be in the interest of judicial economy"); *see also Landmark Am. Ins. Co. v. Studio Imports, Ltd., Inc.*, 76 So. 3d 963, 964 (Fla. 4th DCA 2011) (stating that the "trial court can decide to either dismiss the bad faith claim without prejudice or abate the claim until the underlying breach of contract issue is resolved"). Under the circumstances presented here, the Court finds it appropriate to dismiss Count II without prejudice. Indeed, based upon the Court review of the record, the bad faith count as alleged in the Second Amended Complaint was already dismissed in the Circuit Court Action. *See* ECF No. [1-4] at 144; *compare* ECF No. [1-4] at 14-15, ¶¶ 60-73, *with* ECF No. [1-4] at 185, ¶¶ 49-62. As such, the Court exercises its discretion to dismiss Plaintiffs' bad faith claim as premature.

### 3. Count III – Declaratory Relief

Defendant moves to dismiss Plaintiffs' claim for declaratory relief because, among other factors, the claim is duplicative of their claim for breach of contract. ECF No. [11] at 11-12. "A court must dismiss a claim for declaratory judgment if it is duplicative of a claim for breach of contract and, in effect, seeks adjudication on the merits of the breach of contract claim." *Miami Yacht Charters, LLC v. Nat'l Union Fire Ins. Co. of Pittsburgh Pa.*, No. 11-21163-CIV, 2012 WL 1416428, at *2 (S.D. Fla. Apr. 24, 2012); *Perret v. Wyndham Vacation Resorts, Inc.*, 889 F. Supp. 2d 1333, 1346 (S.D. Fla. 2012) ("[A] court should not entertain an action for declaratory relief when the issues are properly raised in other counts of the pleadings and are already before the court.").

In Count I, Plaintiffs alleges that Defendant has breached its contractual obligations by, *inter alia*, failing to properly investigate and fully cover and pay for the damage and loss to Plaintiffs' property in accordance with the express terms of the policy. ECF No. [1-4] at 184, ¶ 43. On the other hand, in Count III, Plaintiffs allege that the "subject policy contains certain terms, provisions, conditions and endorsements that provide coverage to Plaintiffs . . . with respect to the

loss, costs or expenses incurred as the result of the subject loss" and "request this Court to determine and declare Plaintiffs' and Defendant's rights, duties, and obligations with respect to the loss, costs or expenses incurred as a result of the subject loss under the terms, provisions, conditions and endorsements of the subject policy." *Id.* at 187-88, ¶¶ 64, 69. The Court agrees with Defendant that Plaintiffs' claim for relief seeks a declaration that only serves as an advisory opinion on the enforceability of the contract. Any successful judicial interpretation would only result in coverage for the same losses that underlie Plaintiffs' breach of contract claim. Accordingly, dismissal of Count III of the Second Amended Complaint is warranted for this reason alone.

### IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss, **ECF No. [11]**, is **GRANTED IN PART AND DENIED IN PART**.

2. Plaintiffs' Motion to Remand, **ECF No. [19]**, is **DENIED**.

3. Defendant shall file an Answer to the Second Amended Complaint **no later than December 24, 2021**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 10, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record